923 F.2d 201
 287 U.S.App.D.C. 378
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
William J. SMITH, Appellant.
 No. 89-3176.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 14, 1990.
 
 Before: WALD, Chief Judge, and D.H. GINSBURG and RANDOLPH, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 This case was considered on appeal from a sentence imposed by the United States District Court for the District of Columbia. This Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons set forth herein, it is
 
 
 2
 ORDERED AND ADJUDGED, by the Court, that the sentencing determination of the trial court is affirmed. Based on a review of the record, we find that the denial of the two-level reduction available for "acceptance of responsibility" under Sentencing Guidelines Sec. 3E1.1 was not clearly erroneous. See, e.g., United States v. Cianscewski, 894 F.2d 74, 83 (3d Cir.1990); cf. United States v. Johnson, 895 F.2d 809 (D.C.Cir.1990). In denying the reduction, the sentencing judge properly weighed reliable facts surrounding the defendant's arrest, flight, and eventual acquittal, the conviction of his co-defendants, his use of a pseudonym, and his demeanor throughout the proceedings. See, e.g., United States v. Rodriguez-Gonzalez, 899 F.2d 177 (2d Cir.1990); United States v. Mocciola, 891 F.2d 13 (1st Cir.1989); United States v. Isom, 886 F.2d 736 (4th Cir.1989).
 
 
 3
 More significantly, the sentencing judge, "in a unique position to evaluate a defendant's acceptance of responsibility," Sentencing Guidelines Sec. 3E1.1, comment n. 5, made a negative credibility determination about the sincerity of Smith's contrition, finding that acceptance "wooden." Transcript of Sentencing Proceedings, Sept. 19, 1989, at 6. This determination is "entitled to great deference on review." Sentencing Guidelines Sec. 3E1.1, comment n. 5.
 
 
 4
 The sentencing judge's determination that the Sec. 3E1.1 reduction did not apply to violations of the Bail Reform Act was only one of several reasons cited for his refusal to grant the reduction, and appears not to have been determinative in that decision. Since we find that the other grounds noted by the sentencing judge adequately support denial of the reduction, we need not reach the issue of whether Sentencing Guidelines Sec. 3E1.1 applies to Bail Reform Act violations.